IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN LATHROP,**

**Plaintiff,**

**v.**

**JUNEAU & ASSOCIATES, INC. P.C., JOE JUNEAU, individually and in his official capacity as City Engineer of Granite City, Illinois, ED JUNEAU, CHARLIE JUNEAU, DAN BROWN, individually and in his official capacity as Economic Director of Granite City, Illinois, RONALD SELPH, individually and in his official capacity as Mayor of Granite City, Illinois, MARK SPENGLER, individually and in his official capacity as City Attorney of Granite City, Illinois, GRANITE CITY OF ILLINOIS, and OTHER UNNAMED PERSONS**

**Defendants.**                                      No. 03-CV-0194-DRH

## ORDER

**HERNDON, District Judge:**

The Court takes up this matter for purposes of docket control. On June 4, 2004, Plaintiff filed an amended complaint alleging that all named Defendants wrongfully undermined his construction agreement with the City of Granite City because his project conflicted with another construction venture in which all Defendants had a legal or illegal interest (Doc. 109, Amended Complaint). Because the Court has granted dismissal or summary judgment in favor of

1

Defendants on all of Plaintiff's federal claims on which subject matter jurisdiction rests, the Court now exercises its discretion and *sua sponte* dismisses without prejudice Plaintiff's remaining state claims for lack of subject matter jurisdiction.

Both Plaintiff's original and amended complaint assert that federal jurisdiction is based on **§ 1331** (federal question), **§ 1337** (federal commerce), and **§ 1367** (supplemental jurisdiction) (Doc. 1 ¶ 4; Doc. 109 ¶ 4). Plaintiff's amended complaint filed on June 4, 2004, asserts the following claims against Defendants (Doc. 109)[1]:

> 1. RICO violations of **18 U.S.C. § 1962(c)** – premised on predicate acts involving (1) violations of federal laws on bribery, wire fraud, mail fraud, obstruction of justice, and other unlisted matters and (2) violations of state laws on bribery, fraud, defamation, and other unlisted matters (¶¶ 159-64);
> 2. RICO violations of **18 U.S.C. § 1962(c) and (d)** – premised on the same predicate acts as above (¶¶ 165-70);
> 3. RICO violations of **18 U.S.C. § 1962(a) and (d)** – premised on the same predicate acts as above (¶¶ 171-74);
> 4. RICO violations of **18 U.S.C. § 1962(b) and (d)** – premised on the same predicate acts as above plus fraud under 18 U.S.C. § 1342 and "related fraudulent defamatory under U.S.C. §§ 1961(1), 1961(5), and 1962(b)" (¶¶ 175-78);
> 5. Tortious interference with prospective business relations (¶¶ 179-81);
> 6. Defamation (¶¶ 179-180);
> 7. Civil Conspiracy (¶¶ 182-88);
> 8. Violations of state and federal freedom of information acts (¶¶ 189-91); and
> 9. Violations of state and federal anti-trust laws (¶¶ 192-205).

As to Defendants Juneau & Associates, Joe Juneau, Ed Juneau, and

---

[1] The Juneau Defendants assert that this recitation conflicts with that which is contained in an order authored by Magistrate Judge Cohn, see Doc. 175, but the Court disagrees, in that, said order only sets out causes of action for the purpose of trying to marshal discovery and is not dispositive of the issues. In any event, said order is not controlling in these matters.

Charlie Juneau (collectively, the "Juneau Defendants"), this Court dismissed Plaintiff's federal FOIA claim (Count 8 in part) on June 30, 2005 (Doc. 217). Additionally, the Court granted summary judgment in an order filed on this day for the Juneau Defendants as to Plaintiff's RICO claims (Counts 1-4) and federal and state ani-trust claims (Count 9) (Doc. 229). Consequently, the only remaining claims against the Juneau Defendants are Plaintiff's claims based on tortious interference (Count 5), defamation (Count 6), civil conspiracy (Count 7), and Illinois FOIA (Count 8 in part).

As to Defendants City of Granite City, Illinois, Ronald Selph, Dan Brown, and Mark Spengler (collectively, the "Granite City Defendants"), the Court granted summary judgment in an amended order filed on this day as to all counts with the exception of Plaintiff's claim for intentional interference (Count 5) (Doc. 228).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." **Ex parte McCardle, 7 Wall. 506, 514 19 L.Ed. 264 (1868);** **Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94 (1998)**. Federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues. **Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986); Kreuger v. Cartwright, 996**

**F.2d 928, 930-31 (7th Cir. 1993)**. The statute that governs supplemental jurisdiction provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**28 U.S.C. § 1367(a)**. The same statute also states that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." **28 U.S.C. § 1367(c)**. "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." ***Wright v. Assoc. Ins. Co., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))**. In deciding whether to retain jurisdiction, a district court should make a finding as to the balance of judicial economy, convenience, fairness, and comity to justify retention. ***Id.* at 1252**.

In this case, the Court exercises its discretion under **§ 1367(c)(3)** and declines jurisdiction over Plaintiff's remaining state claims. To begin, this Court no longer has jurisdiction over this case based on **§ 1331** (federal question) or **§ 1337** (federal commerce) because none of Plaintiff's federal claims remain (RICO, federal FOIA, & anti-trust). Furthermore, the Court determines in its discretion not to exercise supplemental jurisdiction over Plaintiff's remaining state claims since the

4

trial of this matter has yet to begin and the Parties have indicated that further discovery may possibly be required if *pro se* Plaintiff retains counsel. Also, **§ 1367(d)** allows Plaintiff to still avail himself of state court proceedings on his state claims.

To summarize, the Court exercises its discretion under **§ 1367(c)(3)** and **DISMISSES without prejudice** Plaintiff's remaining state claims for lack of subject matter jurisdiction. As to the Juneau Defendants specifically, the Court **DISMISSES without prejudice** Plaintiff's remaining claims based on tortious interference (Count 5), defamation (Count 6), civil conspiracy (Count 7), and Illinois FOIA (Count 8 in part). As to the Granite City Defendants specifically, the Court **DISMISSES without prejudice** Plaintiff's remaining claim based on tortious interference (Count 5).

In addition, the Court **FINDS as moot** all other pending motions to the extent they have not been previously addressed (Docs. 177, 180, 188, 203, 210, 211). Also, the Court **CANCELS** the status conference scheduled for May 6, 2005.

**IT IS SO ORDERED.**

Signed this 25th day of April, 2005.

/s/    David RHerndon
**United States District Judge**