## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**STEPHEN LATHROP,**

**Plaintiff,**

**v.**

**JUNEAU & ASSOCIATES, INC. P.C.,**
**JOE JUNEAU, individually and in his**
**official capacity as City Engineer of**
**Granite City, Illinois, ED JUNEAU,**
**CHARLIE JUNEAU, DAN BROWN,**
**individually and in his official**
**capacity as Economic Director of**
**Granite City, Illinois, RONALD SELPH,**
**individually and in his official capacity**
**as Mayor of Granite City, Illinois,**
**MARK SPENGLER, individually and in**
**his official capacity as City Attorney of**
**Granite City, Illinois, GRANITE CITY**
**OF ILLINOIS, and OTHER UNNAMED**
**PERSONS**

**Defendants.**                                    **No. 03-CV-0194-DRH**

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

Before the Court is *pro se* Plaintiff Stephen Lathrop's motion for reconsideration and/or a new trial. (Doc. 231.) On April 25, 2005, the Court granted summary judgment to Defendants on Plaintiff's RICO claims because Plaintiff's allegations and evidence in support of those claims did not constitute RICO

1

violations.  (Docs. 228, 229, 230.)  In those same Orders, the Court also granted summary judgment to Defendants on Plaintiff's FOIA, Antitrust, and civil conspiracy claims because Plaintiff failed to respond in support of these claims.  (Docs. 228, 229, 230.)  Now, Plaintiff has filed a motion to reconsider.  (Doc. 231.)

Even though the Federal Rules of Civil Procedure ("Rules") do not officially recognize a pleading called "motion to reconsider," courts generally construe such requests as being brought under Rule 59(e) or under Rule 60(b). ***Walker v. Abbott Laboratories,* 340 F.3d 471, 475 (7th Cir.2003)**.  All motions to reconsider filed within ten days of the entry of judgment, including Lathrop's present motion, are treated as Rule 59(e) motions.  ***Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995)**.  Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to reconsider the judgment. Motions for reconsideration under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." ***Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir.1985)**. Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." ***Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996) (citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995))**.  Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order

to be successful. ***LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986))**.  The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." ***In re Prince,* 85 F.3d 314, 324 (7th Cir.1996)**.

  As to his RICO claims, Plaintiff points to no "newly discovered evidence" but instead regurgitates evidence of which he has known for quite some time. Furthermore, Plaintiff does not show a manifest error of law of fact since none his noted events (1) constitute an additional predicate act or (2) suggest a conspiracy to commit a pattern of racketeering activity.[1]  Ultimately, Plaintiff's motion demonstrates that he, as a *pro se* litigant, persists under a skewed understanding of RICO (but not necessarily of his simpler state claims) due to his lack of a general legal background, which provides the necessary context in which RICO's complicated provisions must be read.

  As to his FOIA, Antitrust, and civil conspiracy claims, Plaintiff gives no plausible argument in support of reconsideration since he neither presents any newly discovered evidence nor points to any manifest error of law or fact.  In the Orders of April 25, 2005, the Court correctly granted summary judgment to Defendants based on Plaintiff's failure to respond in support of his FOIA, Antitrust, and civil conspiracy

---

[1] Just as this Court noted in its Summary Judgment Orders (Docs. 228, 229), Plaintiff has been able to show one possible predicate act, but has not been able to show any additional predicate acts, which is required to establish the necessary "pattern" under the RICO statue.  (Doc. 228, p. 16-19; Doc. 229, p. 17-19.)  Also, the William Houser event, newly noted by Plaintiff in this motion to reconsider(Doc. 231, p. 5-7), does not constitute (1) newly discovered evidence, (2)  an act of wire fraud, or (3) an event sufficiently connected to Defendants' alleged DonnaLynne conspiracy.

claims.  (Docs. 228, 229, 230.)  While Plaintiff's motion to reconsider notes that his response to Defendants' summary judgment motions stated that "**Defendants are not entitled to Summary Judgment as a matter of law <u>on any of the issues they have raised</u>**," this categorical claim clearly does not constitute a sufficient response.  (Doc. 231, p. 7)(quoting Doc. 200)(emphasis in Plaintiff's quotation of his response.)  If Plaintiff has a mistaken yet good faith belief that such a response could possibly be considered sufficient, he assumed the risk of such a mistake when he proceeded *pro se* without a sufficient understanding of the rules.

Accordingly, the Court **DENIES** Plaintiff's motion to reconsider since he has not clearly established a manifest error of law or fact or presented newly discovered evidence.  (Doc. 231.)

**IT IS SO ORDERED.**

Signed this 31st day of May, 2005.

<u>/s/   David RHerndon</u>
**United States District Judge**

4